**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE ALBERTO AVILES-GOMEZ, | No. 10-73157 |
| Petitioner, | Agency No. A073-960-090 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 22, 2015[**]

Before:     GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

Jorge Alberto Aviles-Gomez, a native and citizen of Honduras, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

("CAT"), and cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the BIA's determination that, even if he was credible, Aviles-Gomez failed to establish the threats he experienced in Honduras rise to the level of persecution. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153-54 (9th Cir. 2005) (record did not compel finding threats constituted persecution). Substantial evidence also supports the BIA's determination that Aviles-Gomez failed to establish an objectively reasonable well-founded fear of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative). Thus, Aviles-Gomez's asylum claim fails.

Because Aviles-Gomez did not establish eligibility for asylum, his withholding of removal claim necessarily fails. *See Zehatye*, 453 F.3d at 1190.

Aviles-Gomez does not challenge the BIA's determination that he waived appeal of the IJ's denial of CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed waived). Thus, we deny the petition as to his CAT claim.

Finally, Aviles-Gomez raises no arguments challenging the BIA's determination that he is statutorily ineligible for cancellation of removal. *See id.*

**PETITION FOR REVIEW DENIED.**

10-73157